**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

    James Okoh,                                               Case No. 8:19-bk-09692-CPM
                                                                       Chapter 11

    Debtor.
_____/

**DEBTOR'S RESPONSE TO JP MORGAN CHASE BANK, N.A.'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEBTOR JAMES OKOH**

1. All documents reportedly substantiating the Debtor's food and housekeeping supplies expenses listed as $2,000 per month on Number 7 of the Debtor's first Amended Schedule J (Doc. No. 20 at p. 6).

   **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

   However, absent the above objection, the Debtor provided Debtor's bank statements which demonstrate the food and housekeeping supplies as listed on his Amended Schedule J.
   - Regions Bank Account 9677, from March 2019 through December 2019
   - Regions Bank Account 3164, from March 2019 through December 2019

2. All documents reportedly substantiating the Debtor's Childcare and children's education costs expenses listed as $2,000 per month on Number 8 of the Debtor's first Amended Schedule J (Doc. No. 20 at p. 6).

   **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

   However, absent the above objection, the Debtor provided Debtor's bank statements which demonstrate the Debtor's childcare and children's education costs as listed on his Amended

Schedule J. (See Response #1)

3. All loan documents, closing packages, and monthly statements for the 2016 Tesla Model S referenced in response to Number 3.1 of the Debtor's Schedule A/B (Doc. No. 1 at p. 12) during the timeframe set forth in the Definitions above.

   **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

   However, absent the above objection, the Debtor provided monthly statements for the Debtor's 2016 Tesla Model X.

4. All loan documents, closing packages, and monthly statements for the 2016 Mazda CX-5 referenced in response to Number 3.2 of the Debtor's Schedule A/B (Doc. No. 1 at p. 12) during the timeframe set forth in the Definitions above.

   **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

   However, absent the above objection, the Debtor provided the payoff inquiry for the Debtor's 2016 Mazda CX-5.

5. All account statements, cancelled checks, withdrawal slips, wire transfer documents, counter checks, and other documents relating to the Regions Bank account ending with 8241 as referenced in response to Number 17 of the Debtor's Schedule A/B (Doc. No. 1 at p. 14) during the timeframe set forth in the Definitions above.

   **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

   However, absent the above objection, the Debtor provided Debtor's bank statements from

Regions Bank Account 8241, from March 2019 through December 2019.

6. All account statements, cancelled checks, withdrawal slips, wire transfer documents, counter checks, and other documents relating to the Regions Bank account ending with 9677 as referenced in response to Number 17 of the Debtor's Schedule A/B (Doc. No. 1 at p. 14) during the timeframe set forth in the Definitions above.

    **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

    However, absent the above objection, the Debtor provided Debtor's bank statements which also provide evidence of cancelled checks and withdrawals related to this request. (See Response #1)

7. All account statements, cancelled checks, withdrawal slips, wire transfer documents, counter checks, and other documents relating to the Regions Bank account ending with 3167 as referenced in response to Number 17 of the Debtor's Schedule A/B (Doc. No. 1 at p. 14) during the timeframe set forth in the Definitions above.

    **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015. Additionally, the Debtor does not maintain a bank account ending in 3167. The Debtor believes that this request was in reference to account 3164 and has answered as such.

    However, absent the above objection, the Debtor provided Debtor's bank statements which also provide evidence of cancelled checks and withdrawals related to this request. (See Response #1)

8. All account statements, cancelled checks, withdrawal slips, wire transfer documents, counter checks, and other documents relating to the Regions Bank account ending with 5758 as referenced in response to Number 17 of the Debtor's Schedule A/B (Doc. No. 1 at p. 14) during the timeframe set forth in the Definitions above.

    **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015. Additionally, the Debtor does not maintain a bank account ending in 5758. The Debtor's Wife is the sole owner of this account.

    However, absent the above objection, the Debtor provided bank statements from March 2019 through November 2019.

9. All account statements, cancelled checks, withdrawal slips, wire transfer documents, counter checks, and other documents relating to the Wells Fargo Bank accounts referenced in response to Part 8, Number 20 of the Debtor's Statement of Financial Affairs (Doc. No. 1 at p. 40-41) during the timeframe set forth in the Definitions above.

    **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

    However, the Debtor is working to obtain some of these bank accounts, absent the above objection. The Debtor will provide the bank statements as soon as reasonably possible.

10. All plan documents, documents providing tax exemption status, account statements, cancelled checks, withdrawal slips, wire transfer documents, counter checks, check registers, signature cards, deposits slips and other documents relating to the Raymond James IRA referenced in response to Number 21 of the Debtor's Schedule A/B (Doc. No. 1 at p. 14) or any other IRA, 401(k) or similar retirement vehicle for which the Debtor makes or has made contributions during the timeframe set forth in the Definitions above.

**Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

However, absent the above objection, the Debtor provided the Raymond James IRA statement from September 2019.

11. All documents relating to the transfer, by sale, gift or otherwise, of any real property in which the Debtor had or has an interest during the timeframe set forth in the Definitions above.

    **Response:** None.

12. All documents relating to the transfer, by sale, gift or otherwise, of any personal property having a total value (in the case of multiple transfers to that recipient) in excess of $5,000 in which the Debtor had or has an interest during the timeframe set forth in the Definitions above including, but not limited to, transfers to or for the benefit of insiders of the Debtor.

    **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

    However, absent the above objection, the Debtor testified as to the transfers to his adult daughters and his elderly mother and all transfers are listed on the Debtor's bank statements in response to Request #1.

13. All loan applications, credit applications, and financial statements in which Debtor was an applicant during the timeframe set forth in the Definitions above.

    **Response:** None.

14. All documents relating to any trust in which the Debtor is a trustee or beneficiary.

    **Response:** None.

15. Any and all balance sheets or other financial statements provided by the Debtor to any third party during the timeframe set forth in the Definitions above.

    **Response:** The request in JP Morgan Chase Bank, N.A.'s request is overbroad and burdensome to provide the requested information from 2015.

    However, absent the above objection, the Debtor may have provided balance sheets or other financial statements by and through his previous entity and related Chapter 11 case of National Radiology Consultants. The Debtor is no longer in possession of such documents. The appointed receiver, John Patrick, would be in control of the documents.

16. Any and all operating statements, profit and loss statements, balance sheets, or other financial statements pertaining or relating to any time period (i.e. monthly, quarterly, or annually), and whether audited or unaudited, with respect to any of the Debtor's companies during or relating to 2019.

    **Response:** See Response to Request #15 as to National Radiology Consultants. None of the Debtor's other entities, as listed on his petition operated in 2019.

17. All deeds, loan documents, mortgages, closing packages or other documents for any real property in which the Debtor has or had an interest, either individually or jointly with another person or entity, during the timeframe set forth in the Definitions above.

    **Response:** The Debtor provided the warranty deed to his homestead real property.

18. Any and all documents evidencing or detailing any income received by the Debtor, from any source whatsoever and not otherwise produced herein, during the timeframe of 2018 to the present including, without limitation, pay stubs, tax returns, K-1 tax forms, and 1099 tax forms.

**Response:** The Debtor provided his 2018 tax return. The Debtor's 2019 W2s are not available at this time. The Debtor also provided paystubs from National Radiology Consultants from February 2019 through April 2019 (when NRC ceased operating). The Debtor also provided paystubs from Watson Clinic for September 2019. The Debtor also provided bank statements for account 8241 evidencing additional income of the Debtor. See Response #5.

Respectfully submitted,

_____/s/ Kristina E. Feher_____
KRISTINA E. FEHER
Florida Bar No.: 52082
FEHER LAW, P.L.L.C.
4437 Central Avenue
St. Petersburg, FL 33713
Telephone: (888) 814-3387
Facsimile: (727) 359-0368
kfeher@feherlaw.com
Counsel to the Debtor

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the Case Management Summary, was served either by U.S. Mail or electronically via the Court's CM/ECF electronic notification system on this 22nd day of January, 2020 upon the JP Morgan Chase Bank, N.A. c/o Ryan Reinhert, Esq. at rreinert@shutts.com.

_____/s/ Kristina E. Feher_____
KRISTINA E. FEHER