**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

    James Okoh,                                     Case No.: 8:19-bk-09692-CPM
                                                                  Chapter 11

    Debtor.
_____/

## JAMES OKOH'S PLAN OF REORGANIZATION, DATED JANUARY 28, 2020

**YOU SHOULD READ THIS CHAPTER 11 PLAN OF REORGANIZATION (THIS "PLAN") CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. CONFIRMATION OF THIS PLAN, AS MODIFIED BY THE BANKRUPTCY COURT, MAY MODIFY YOUR RIGHTS BY PROVIDING FOR PAYMENT OF LESS THAN THE FULL AMOUNT OF YOUR CLAIM, BY SETTING THE VALUE OF THE COLLATERAL SECURING YOUR CLAIM, AND/OR BY SETTING THE INTEREST RATE ON YOUR CLAIM. PAYMENTS DISTRIBUTED UNDER THIS PLAN AS HEREIN PROVIDED OR AS MODIFIED BY THE BANKRUPTCY COURT, ARE SUBJECT TO THE AVAILABILITY OF FUNDS.**

James Okoh ("Debtor") hereby files this Plan of Reorganization. In support of this Plan, Debtor proposes the following:

**ARTICLE I**
**DEFINITIONS AND CONSTRUCTION**

This Plan adopts and incorporates herein by reference all definitions and construction set forth in the Disclosure Statement. A copy of the Disclosure Statement accompanies this Plan. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

The claims and interests of Debtor are hereby classified in the following classes:

2.01    Class I. Allowed Claims for **Administrative Expenses**, and fees and charges assessed against the Estate under 28 U.S.C. §§1911-1930. This includes ordinary Administrative Claims and expenses incurred during the Chapter 11 Proceeding and administrative expenses and costs allowed by the Bankruptcy Court.

2.02    Class II. Any Allowed **Secured** Claim. This includes any secured creditor who files a timely allowed proof of claim. The deadline to file a proof of claim in this case was January 27, 2020.

2.03    Class III. All allowed claims entitled to **priority** under § 507 of the Code (except administrative expense claims under § 507(a)(2), ["gap" period claims in an involuntary case under § 507(a)(3),] and priority tax claims under § 507(a)(8)).

2.04    Class IV. Any Allowed **Unsecured** Claim. This includes the unsecured creditors listed in the Debtor's Petition, as well as any unsecured creditor who files a timely allowed proof of claim. The deadline to file a proof of claim in this case was January 27, 2020.

## ARTICLE III
## TREATMENT OF CLAIMS

3.01    **Class I. Administrative Expenses** - Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.02    **Class II. Secured Claims**. The following creditors have secured claims arising by virtue of Debtor's consumer debts. Debtor estimates the claims in Class II total $292,370.00. Class II shall be paid at their regular monthly payment amounts directly to the creditors. The monthly payments for the secured claims totals $5,761.65. The claims of Fidelity Bank and TD Auto Finance will be paid in full prior to completion of the Plan.
- Wells Fargo Home Mortgage – 9203 Pine Island Court
- Fidelity Bank – 2016 Mazda CX-5
- TD Auto Finance – 2016 Tesla S

**3.03** **Class III. Priority Claims** - There are two potential priority creditors, Alex Bibbey and Satish Venkataperumal, for wages claimed and owed by National Radiology Consultants, P.A. (hereinafter "NRC"), Case No.: 8:19-bk-1274-CPM (a related Debtor) and may or may not be owed personally by the Debtor. Both claims were listed by the Debtor as unknown amounts. Alex Bibbey filed Claim #8 in the amount of $310,034.75. Satish Venkataperumal filed Claim #10 in the amount of $138,561.52. Satish Venkataperumal filed his claim as an unsecured, nonpriority claim. The Debtor agrees with this classification.

Class III claimants are to receive distributions toward the payment of their claims through the NRC Chapter 11 distribution. Class III claimants shall receive distributions up to, but not exceeding, the total amount of their claim.

**3.04** **Class IV. Unsecured Claims** - Debtor estimates the claims in Class IV total $1,402,528.43. Class IV shall be paid from the remainder of any distributions over and above the total of the claims in Class III. Any remainder to be distributed shall be distributed pro rata among the entire class, irrespective of the total amount of claims within Class IV actually allowed. All claims shall be paid within sixty (60) months from the date of Confirmation of the Plan. Debtor shall pay distributions to Class IV in five annual payments commencing not later than one year after the Confirmation of the Plan.

## ARTICLE IV
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

4.01    Assumed Executory Contracts and Unexpired Leases. The Debtor has four (4) unexpired lease. The Debtor shall assume all of the below-listed leases.
- Bay Area Pool Service – pool cleaning service
- Lawn Enforcement – monthly lawn service and lawn treatment
- Magic Bubbles – power and pressure washing service
- Vivint – Home Security Monitoring and Equipment

4.02    Other Executory Contracts and Unexpired Leases. On the Effective Date, all executory contracts and unexpired leases that exist between the Debtor and any person or entity shall be deemed rejected as of the Confirmation Date, except for any executor contract or unexpired lease which (i) has been assumed or rejected pursuant to an Order of the Bankruptcy Court entered prior to the Confirmation Date, or (ii) a motion for approval of the assumption or rejection of such contract or lease has been filed prior to the Confirmation Date.

4.03    Claims. Claims arising out of the deemed rejection of an executor contract or unexpired lease must be filed with the Bankruptcy Court on or before any date established by the Bankruptcy Court for the filing of such Claims. Any Claims not filed within such applicable time period will be forever barred from assertion against the Debtor.

## ARTICLE V
## MEANS FOR IMPLEMENTATION OF THE PLAN

5.01    Means of Plan. The Plan will be funded by Debtor's current and future income earned by the Debtor in his employment. Debtor proposes paying his Class II secured creditors directly on a

monthly basis. Debtor proposes paying a monthly payment of $5,000.00 towards the payment for the remaining classes, to be disbursed in accordance with the above treatment until said payments are completed.

5.02    Term of Plan. On and after the Confirmation Date, the Debtor will repay Creditors, to the extent provided herein, over the period of sixty (60) months. Debtor will make monthly payments to Feher Law Trust Account and with the funds paid by Debtor, Debtor's Counsel will pay creditors pursuant to this Plan. Any and all Class I claims shall be paid first from these funds. Debtor shall then make annual pro rata distribution payments to Classes III and IV.

5.03    Powers. From the Confirmation Date and until the Final Decree Date, the Debtor and the Reorganized Debtor shall have all powers accorded by law to put into effect and carry out the Plan and the Confirmation Order.

5.04    Reasonable Plan. Debtor proposes a reasonable Plan in good faith and not by any means forbidden by the law.

5.05    Prepayment. Debtor may prepay any creditor under this Plan by liquidating an asset and/or by utilizing any funds gifted to him by any insider to assist him in making payments under this Plan.

5.06    Disputed Claims and Objections. As soon as practicable, but in no event later than sixty (60) days after the Confirmation Date, unless otherwise ordered by the Bankruptcy Court, objections to Claims shall be filed with the Bankruptcy Court and served upon the Holders thereof and the United States Trustee for the Middle District of Florida.

## ARTICLE VI
## JURISDICTION

Until the case is closed, the Bankruptcy Court shall retain jurisdiction to ensure the purpose and intent of the Plan is accomplished. The Bankruptcy Court shall retain jurisdiction to hear and determine the following:
1. The classifications of a claim of any creditor; the re-examination of claims which have been allowed for purposes of voting and the determination of such objections and disputes as may be filed against claims;
2. The determination of all matters and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between Debtor and any other party included, but not limited to, any rights of parties in interest to recover assets pursuant to the provisions of the United States Bankruptcy Code;
3. The correction of any defect, the curing of any omission of the reconciliation of any inconsistency in this Plan or the Order of Confirmation as may be necessary to effect the purposes and intent of this Plan;
4. The modification of this Plan after confirmation pursuant to the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure;
5. The enforcement and interpretation of the terms and conditions of this Plan;
6. The entry of an order, including injunctions, necessary to enforce the title, rights, and powers of parties in interest and to impose such limitations, restrictions, terms and

      conditions of such title rights and powers as the Bankruptcy Court may deem necessary; and
7. The entry of an order and final decree concluding and terminating this case.

## ARTICLE VII
## GENERAL PROVISIONS

7.01    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.02    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.03    Headings. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. The headings shall not be deemed to be a part of this Plan or in any manner affect the construction of the provisions of this Plan.

7.04    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.05    No Admissions. The Plan provides for the resolution, settlement, and compromise of Claims against and Equity Interests in the Debtor. Nothing herein shall be construed to be an admission of any fact or otherwise binding upon the Debtor in any manner prior to the Effective Date.

7.06    Revocation or Withdrawal of the Plan. The Debtor reserves the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Debtor revokes or withdraws the Plan, or if Confirmation of the Plan does not occur, then the Plan shall be deemed null and void in all respects and nothing contained in the Plan shall be deemed to (a) constitute a waiver or release of any Claims by or against, or Equity Interests in, the Debtor or any other Person, or (b) prejudice in any manner the rights of the Debtor or any other Person in any further proceedings involving the Debtor.

7.07    Entire Agreement. The Plan and Plan Documents set forth the entire agreement and undertakings relating to the subject matter thereof and supersede all prior discussions and documents. No Person shall be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.

7.08    Amendments. The Debtors retain the right to amend, modify, or supplement this Plan at any time prior to or after the Confirmation Hearing, to the full extent that it is authorized by law. Notice of any amendment which materially and/or adversely affects any Creditors shall be sent to such parties as the Bankruptcy Court may direct.

7.09    **Notices**. All notices, motions, objections, or affidavits required by this Plan to be served on the Debtor shall be in writing, addressed as follows:

>Kristina E. Feher, Esquire
>
>4437 Central Avenue
>
>St. Petersburg, FL 33713

and shall be sent by U.S. first class mail or overnight delivery service or shall be made by hand delivery. Telecopy transmission alone shall not suffice as valid notice pursuant to this Plan.

Respectfully submitted,

By: _____
James Okoh, Debtor


By:     /s/ Kristina E. Feher
KRISTINA E. FEHER
Florida Bar No.: 52082
FEHER LAW, P.L.L.C.
4437 Central Avenue
St. Petersburg, FL 33713
Telephone: (727) 359-0367
Facsimile: (727) 359-0368

kfeher@feherlaw.com

Counsel to the Debtor