UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                                Case No. 8:19-bk-09692-CPM

James Okoh,                                                                 Chapter 11

      Debtor.
_____/

**JPMORGAN CHASE BANK, N.A.'S JOINDER TO
UNITED STATES TRUSTEE'S OBJECTION AND INITIAL OBJECTIONS TO
DISCLOSURE STATEMENT FOR JAMES OKOH'S PLAN OF REORGANIZATION
AND JAMES OKOH'S PLAN OF REORGANIZATION DATED JANUARY 28, 2020**

COMES NOW, JPMORGAN CHASE BANK, N.A. ("Lender"), by and through the undersigned counsel, and pursuant to Sections 1115, 1123, 1125 and 1129 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3017 and 3020 of the Federal Rules of Bankruptcy Procedure, and this Court's Order Conditionally Approving Disclosure Statement, Setting Hearing on Final Approval of Disclosure Statement and Confirmation of Chapter 11 Plan, Fixing Time to File Objections to the Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Plan, and Setting Deadlines with Respect to Confirmation Hearing (Doc. No. 64), hereby joins the United States Trustee's Objection to Debtor's Disclosure Statement and Confirmation of Debtor's Plan of Reorganization (Doc. No. 73) and lodges its own initial objections to the Disclosure Statement for James Okoh's Plan of Reorganization (the "Disclosure Statement") and James Okoh's Plan of Reorganization dated January 28, 2020 (the "Plan") (collectively, Doc. No. 60) with a reservation of rights to asset such other and further objections as may be necessary (the "Objections").

1. On October 14, 2019, the Debtor James Okoh (the "Debtor") filed a voluntary petition under the provisions of Chapter 11 of the Bankruptcy Code. No Trustee having been appointed, the Debtor continues to operate his business and manage his property pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor is a practicing radiologist (Doc. No. 60). The Debtor is a W-2 employee for a medical clinic and separately receives income through distributions from his wholly owned business, Raddoctor, P.A. (Doc. Nos. 26 and 60).

3. On March 20, 2020, this Court entered its Order Granting JPMorgan Chase Bank, N.A.'s Motion for an Order Establishing a Budget for the Debtor's Use of Cash and Post-Petition Income (Doc. No. 78) (the "Budget Order"). The Budget Order set forth the Debtor's monthly net income as $16,577.57, without eliminating contributions to the Debtor's mother. *Id.* Accordingly, Lender must first object to the Disclosure Statement as the financial projections are not based on accurate information based on the Budget Order and therefore inadequate as a matter of law.

4. The Disclosure Statement likewise fails to comply with Section 1125 of the Bankruptcy Code as it fails to provide adequate information that would enable a hypothetical investor to make an informed decision about the Plan. Specifically, the "Annual Budget for James Okoh" attached to the Disclosure Statement is inaccurate and misleading. From review of financial information provided by the Debtor, the Debtor's average monthly income is incorrect. The same issues are present with respect to the Debtor's expenses. Applying the actual monthly amounts due and owing for the Debtor's secured creditors and reducing transfers to or for the benefit of the Debtor's adult offspring (listed at $53,267.08 annually in the Disclosure Statement), the monthly net income would increase dramatically consistent with the Budget

Order.  The Debtor should therefore be required to revise all financial projections to account for the significant discrepancy between the Financial Projections in the Disclosure Statement and the Budget Order.

    5.    With respect to the Plan, Lender objects on, at least, the following bases:

        a. Under Sections 1115 and 1129(a)(3), the Debtor has not proposed the Plan in good faith and by means not forbidden by law to the extent it deviates from the Budget Order and monthly net income and reasonable expenses of the Debtor;

        b. Under Section 1129(a)(7), as Lender will receive more in a Chapter 7 liquidation than proposed in the Plan, absent amendment to comply with the Budget Order;

        c. Under Sections 1129(a)(8) and (a)(10), to the extent the Plan is not accepted as required;

        d. Under Section 1129(a)(11), as the Plan does not mirror the Budget Order and will undoubtedly result in the need for further reorganization if the Debtor does not engage in the post-petition "belt-tightening" required of individual Chapter 11 debtors and the agreed Budget Order; and

        e. Under Sections 1115 and 1129(a)(15), as the amount to be distributed to Lender is less than its claim and less than the disposable income of the Debtor for a 5-year period.

    6.    In addition to the foregoing, Lender joins in the United States Trustee's Objection to Debtor's Disclosure Statement and Confirmation of Debtor's Plan of Reorganization (Doc. No. 73) and the objections of any other creditors of this estate to the extent not inconsistent with

the Objections set forth herein.  Landlord expressly reserves the right to supplement and amend this Objection.

WHEREFORE, Lender respectfully requests that the Court enter an order sustaining this Objection and granting such other and further relief as the Court deems just and proper.

Dated:  April 29, 2020.

/s/ Ryan C. Reinert
RYAN C. REINERT
Florida Bar No. 81989
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, Florida 33607
Telephone:    (813) 229-8900
Facsimile:      (813) 229-8901
E-mail:           rreinert@shutts.com
*Attorneys for Lender*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on this April 29, 2020, via First Class U.S. Mail Postage Prepaid to:

**James Okoh**
9203 Pine Island Court
Tampa, FL 33647

and via CM/ECF to the following:

| | |
|---|---|
| **Kristina E. Feher** | **Nathan A. Wheatley** |
| Feher Law, P.L.L.C. | Office of the U.S. Trustee |
| 4437 Central Avenue | 501 E. Polk St., Suite1200 |
| St. Petersburg, FL 33713 | Tampa, FL 33602 |

/s/ Ryan C. Reinert
Attorney

FTLDOCS 7883152 1