ORDERED.

Dated: October 28, 2020

*Catherine McEwen*
Catherine Peek McEwen
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

In re:

    JAMES OKOH,                                  Case No.: 8:19-bk-09692-CPM
                                                             Chapter 11

    Debtor.
_____/

## ORDER APPROVING DEBTOR'S AMENDED DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION

THIS CASE came on for hearing on October 15, 2020 and October 20, 2020, to consider the following matters:

1. Combined Hearing on Amended Disclosure Statement and Confirmation of Plan (Docket #98) (the "Amended Disclosure Statement");

2. Confirmation of the Debtor's Amended Plan of Reorganization (Docket #107) (the "Amended Plan");

3. The United States Trustee's Objection to Confirmation of Disclosure Statement and Plan (Docket #73) (the "UST Objection");

4. Joinder to United States Trustee's Objection and Initial Objections to Disclosure Statement for James Okoh's Reorganization Dated January 28, 2020 (Docket #93) (the "Chase Joinder to Objection");

5. JP Morgan Chase's Objection to Debtor's Claim of Exemptions with Reservation of Rights (Docket #50) (the "Chase Objection");

6. Amended Objection to Debtor's Claim of Exemptions by Chapter V Examiner (Docket # 91);

1

7. The United States Trustee's Objection to Confirmation of Amended Disclosure Statement and Amended Plan (Docket #114) (the "UST Amended Objection");

8. Amended Motion to Amend Debtor's Budget (Docket #123) (the "Amended Motion to Amend Budget"); and

9. Joinder to the United States Trustee's Objection to Confirmation of Amended Disclosure Statement and Amended Plan (Docket #129) (the "Chase Joinder to Amended Objection").

Changes made on the record in open court: During the hearing, the parties informed the Court that the parties had reached various agreements to resolve their disputes regarding confirmation issues, namely:

A. Plan amendments made on the record in open court:

1. The treatment of Class 3 was clarified to address the separate classification within the Amended Plan. The Class 3 claim resolves any and all possible 11 U.S.C. § 523 and 11 U.S.C. § 727 claims that Richard M. Dauval, the chapter V examiner for National Radiology Consultants, P.A. (the "Chapter V Examiner") could or may have against the Debtor. The Class 3 claimant shall receive the amount to be paid in the Amended Plan first after all administrative expenses are paid. The Class 3 claimant shall be entitled to automatic stay relief upon entry of this order to the extent that insurance proceeds are available to pay the claimant. The Debtor agrees to cooperate with any and all adversaries, contested matters, lawsuits or other proceedings the Chapter V Examiner may have against other entities or individuals with regard to the National Radiology Consultants, P.A. related bankruptcy case. The Class 3 claimant's claims against the Debtor shall extend until payment is made in full and the Debtor has fully cooperated. At such time, the Class 3 claimant's claims against the Debtor under 11 U.S.C. § 523 and 11 U.S.C. § 727 shall be dissolved. Should the Debtor default under this provision the Chapter V Examiner may assert a claim under 11 U.S.C. § 523 and 11 U.S.C. § 727 for the full amounts owed to the Chapter V Examiner less any plan payments already made.

2. The treatment of Class 4 shall be modified to state that the Debtor shall commit 100% of his disposable household income to the Amended Plan over a period of five years, including any accrued business income from the Debtor's business operations. On an annual basis, the Class 4 claimants and the United States Trustee shall be entitled to review the Debtor's increase in income, if any, to determine if additional disposable income should be paid through the Amended Plan by the Debtor with the starting point being the monthly budget set forth on Exhibit "B" attached hereto. The Debtor agrees to cooperate with the Class 4 claimants in order to resolve any expense, budgeting, or disposable income issues outside of court including by, among other things, providing the Debtor's federal tax returns annually to JPMorgan Chase Bank,

Case 8:19-bk-09692-CPM   Doc 140   Filed 10/29/20   Page 3 of 10

N.A. without demand. If the Debtor and Class 4 claimants cannot resolve the amount of increase to the disposable income, a Class 4 claimant may file a motion to reopen the Chapter 11 case on negative notice as to the dispute and the Court will resolve the issue. The Chapter 11 case will otherwise be administratively closed.

3. Upon the amendments on the record, JP Morgan Chase changed its vote to acceptance of the Amended Disclosure Statement. (Docket #98).

B. Withdrawal of objections/changes of votes made orally on the record in open Court:

1. The United States Trustee's Objection to Confirmation of Disclosure Statement and Plan (Docket #73) (the "UST Objection") is superseded by The United States Trustee's Objection to Confirmation of Amended Disclosure Statement and Amended Plan (Docket #114).

2. Joinder to United States Trustee's Objection and Initial Objections to Disclosure Statement for James Okoh's Reorganization Dated January 28, 2020 (Docket #93) (the "Chase Joinder to Objection") is superseded by the Joinder to the United States Trustee's Objection to Confirmation of Amended Disclosure Statement and Amended Plan (Docket #129).

3. JP Morgan Chase's Objection to Debtor's Claim of Exemptions with Reservation of Rights (Docket #50) (the "Chase Objection") was withdrawn in open Court.

4. Amended Objection to Debtor's Claim of Exemptions by Chapter V Examiner (Docket # 91) is overruled as moot by the amendments on the record.

5. The United States Trustee's Objection to Confirmation of Amended Disclosure Statement and Amended Plan (Docket #114) (the "UST Amended Objection") is sustained, in part, as to the discharge language and overruled, in remainder, as moot by the amendments on the record.

6. Amended Motion to Amend Debtor's Budget (Docket #123) (the "Amended Motion to Amend Budget") is granted based upon the amendments and withdrawals of objections on the record and as set forth in Exhibit "B."

7. Joinder to the United States Trustee's Objection to Confirmation of Amended Disclosure Statement and Amended Plan (Docket #129) (the "Chase Joinder to Amended Objection") is sustained, in part, as to the discharge language and overruled, in remainder, as moot by the amendments on the record.

After considering (a) the Verified Confirmation Statement (Docket #132); (b) the votes of the creditors, as reflected in the Ballot Tabulation (Docket #131) and rulings concerning votes and claims made in open court; (c) the evidence proffered and the arguments of counsel; and (d) the entire record in this Chapter 11 case, and for reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court has concluded the following: (1) that the Amended Disclosure Statement should be finally approved; and (2) that the Amended Plan should be confirmed. Accordingly, it is

**ORDERED:**

1. <u>Jurisdiction, Venue, Core Proceedings</u>. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b), and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under 11 U.S.C. § 109.[1] Venue is properly before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are the plan proponent in accordance with 11 U.S.C. § 1121(a).

2. <u>Final Approval of Disclosure Statement</u>. On June 17, 2020, the Court entered its Order Conditionally Approving Amended Disclosure Statement, Fixing Time to File Objections to the Disclosure Statement, Fixing Time to File Applications for Administrative Expenses, Setting Hearing on Confirmation of the Amended Plan, and Setting Deadlines with Respect to Confirmation Hearing. ("Solicitation Approval Order") (Docket #108); that order inter alia conditionally approved the Amended Disclosure Statement as containing at least minimally adequate information within the meaning of 11 U.S.C. §1125 and Rule 3017, Federal Rules of Bankruptcy Procedure. The Amended Disclosure Statement complies with 11 U.S.C. §1125 and is, therefore, finally APPROVED as containing adequate information within the meaning of that section of the Bankruptcy Code.

3. <u>Confirmation of Plan</u>. The Plan is CONFIRMED pursuant to 11 U.S.C. § 1129.

4. <u>Transmittal of Solicitation Packages</u>. Copies of the Disclosure Statement, the Plan, the Solicitation Approval Order, and a ballot (together, the "Plan Solicitation Package") were served on all creditors entitled to vote on the Plan. The Court finds that (a) timely and proper notice of the confirmation hearing, the time fixed for filing objections to confirmation, and the time for submitting ballots on the Plan was provided to all creditors and all parties in interest; (b) such notice was adequate and sufficient to notify all creditors and all parties in interest of the confirmation hearing and the objection and voting deadlines as to the Plan; and (c) such notice complied in all respects with the procedural orders of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and otherwise satisfied the requirements of due process.

5. <u>Ballot Tabulation</u>. The Debtor filed the Ballot Tabulation, which did reflect the acceptance of at least one impaired class of creditors. However, based upon the amendments made on the record in open court as to the Amended Disclosure and Amended Plan, Creditors JP Morgan Chase and the Chapter V Trustee withdrew their objections and now vote in favor of the Plan. Therefore the Debtor has at least one impaired class voting in favor of the Plan.

---

[1] Subsequent cites to title 11 of the United States Code may sometimes be to "the Bankruptcy Code".

6. Compliance with the Requirements of 11 U.S.C. §1129.

    a. <u>Compliance with 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, in particular:

        i. *Proper Classification*. The Plan sets out separately numbered classes of impaired claims and interests. The claims and interests within each class are substantially similar to the other claims and interests, as the case may be, in the class. Valid business, factual, and legal reasons exist for separately classifying various classes of claims and interests created under the Plan and such classifications do not unfairly discriminate between the holders of claims and interests. Therefore, the Plan satisfies 11 U.S.C. §§ 1122 and 1123(a)(1).

        ii. *Specified Unimpaired Classes*. The Plan properly designates unimpaired classes as unimpaired. Therefore, the Plan satisfies 11 U.S.C. §1123(a)(2).

        iii. *Specified Treatment of Impaired Classes*. The Plan designates which classes are as impaired within the meaning of 11 U.S.C. § 1124. The Plan states the specific treatment of each class of impaired claimants or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(3).

        iv. *No Discrimination within Classes*. The Plan provides for the same treatment of each claim within each particular class of claims or interests. Therefore, the Plan satisfies 11 U.S.C. § 1123(a)(4).

        v. *Implementation*. The Plan provides adequate means for the Plan's implementation. Therefore, the Plan satisfies 11 U.S.C. §§ 1123(a)(5).

        vi. *Corporate charter amendments*. 11 U.S.C. § 1123(a)(6) does not apply to individual Chapter 11 debtors.

        vii. *Impairment/Unimpairment of Classes of Claims and Interests*. The Plan designates certain classes as impaired, as permitted by 11 U.S.C. §1123(b)(1).

        viii. *Assumption or Rejection of Leases and Executory Contracts*. The Plan provides for the assumption and rejection of leases and executory contracts, subject to 11 U.S.C. § 365, as permitted by 11 U.S.C. § 1123(b)(2).

        ix. *Modification of the Rights of Holders of Secured Claims*. The Plan does not modify the rights of holders of secured debt under 11 U.S.C. §1123(b)(5).

        x. *Cure of Defaults*. The Plan provides for the assumption of unexpired leases and executory contracts pursuant to an order of the Court, thereby satisfying 11 U.S.C. §1123(d).

b. Compliance with 11 U.S.C. § 1129(a)(2). The Debtor, as the Plan proponent, complied with the applicable provisions of the Bankruptcy Code.

   Specifically:

   i. The Debtor is an eligible debtor under 11 U.S.C. § 109.

   ii. The Debtor complied with the applicable provisions of the Bankruptcy Code unless such compliance was excused by order of this Court.

   iii. The Debtor complied with 11 U.S.C. §§ 1125 and 1126, the Federal Rules of Bankruptcy Procedures, the Court's Local Rules, and the Solicitation Approval Order in transmitting the Solicitation Package and in soliciting and tabulating the vote.

c. Compliance with 11 U.S.C. § 1129(a)(3). The Plan has been proposed in good faith and not by any means forbidden by law. The good faith is evident from the record in this case, the facts as adduced or proffered at the confirmation hearing and other hearings during the course of this bankruptcy case, and the information contained in the Disclosure Statement. The Plan was proposed with the honest and legitimate purpose of maximizing the value of the Debtor's estate and the payments to creditors. The Plan was developed in good faith on the part of the Debtor and in good faith negotiations with various creditors. Therefore, 11 U.S.C. § 1129(a)(3) is met.

d. Compliance with 11 U.S.C. § 1129(a)(4). Applications for fees and expenses of professionals were filed and have been approved by this Court or will be filed and are subject to approval by this Court. Separate orders will be entered thereon. Therefore, 11 U.S.C. § 1129(a)(4) is met.

e. Compliance with 11 U.S.C. § 1129(a)(5). 11 U.S.C. § 1129(a)(5) does not apply to individual Chapter 11 debtors.

f. Compliance with 11 U.S.C. § 1129(a)(7). As to impaired classes of claims, each holder of a claim or interest of such class has accepted the Plan or will receive or retain property of a value that is not less than it would receive or retain if the Debtors were liquidated under Chapter 7. Therefore, 11 U.S.C. §1129(a)(5) is met.

g. Compliance with 11 U.S.C. § 1129(a)(8). Pursuant to the amendments on the record, every class of creditors that is impaired under the Plan voted to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(8) is met.

h. Compliance with 11 U.S.C. § 1129(a)(9). Priority tax claims will be paid in accordance with 11 U.S.C. § 1129(a)(9)(C)(ii). The treatment of these and other allowed administrative expense claims meets the requirements of 11 U.S.C. § 1129(a)(9).

      i. <u>Compliance with 11 U.S.C. § 1129(a)(10)</u>. The holders of claims in Classes 3 and 4 voted to accept the Plan. Therefore, 11 U.S.C. § 1129(a)(10) is met.

      j. <u>Compliance with 11 U.S.C. § 1129(a)(11)</u>. Based upon the information contained in the Amended Disclosure Statement and uncontroverted evidence proffered at the Confirmation Hearing that is both persuasive and credible, the Plan is feasible and not likely to be followed by liquidation or further financial reorganization. Therefore, 11 U.S.C. § 1129(a)(11) is met.

      k. <u>Compliance with 11 U.S.C. § 1129(a)(12)</u>. The Plan provides that fees required to be paid pursuant to 28 U.S.C. § 1930 are administrative expenses that will be paid on the effective date of confirmation. Therefore, 11 U.S.C. §1129(a)(12) is met.

      l. <u>Compliance with 11 U.S.C. § 1129(b)</u>. The Court finds that the Plan does not discriminate unfairly and is fair and equitable as to non-accepting impaired classes, specifically:

           i. The Class 4 claimants are realizing the indubitable equivalent of their claims. Therefore, 11 U.S.C. §1129(b)(2)(A) (iii) is satisfied.

           ii. The Class 2 claimants will retain their liens to the same extent, validity, and priority as existed pre-petition and receive payments directly from the Debtor totaling at least the allowed amount of its claim as of the effective date of the Plan. Therefore,11 U.S.C. § 1129(b)(2)(A)(i) is satisfied.

      m. <u>Principal Purpose of the Plan</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933. No governmental entity has filed an objection to the Plan on these grounds. Therefore, 11 U.S.C. § 1129(d) is satisfied.

7. <u>Executory Contracts</u>. The Plan's assumption of any identified unexpired leases and executory contracts pursuant to 11 U.S.C. §§ 365 and 1123(b) is approved. The rejection of all or other executory contracts and unexpired leases is approved.

8. <u>Implementation</u>. The Debtor is authorized to execute, deliver, file, or record any documents, contracts, instruments, and other agreements and take all other actions as may be necessary to implement and effectuate the Plan.

9. <u>Binding Effect</u>. Upon entry of this order and subject to the occurrence of the Plan's effective date, the provisions of the Plan shall bind the Debtor, all holders of claims (irrespective of whether the claims are impaired under the Plan or whether the claimants have accepted the Plan), any and all non-debtor parties to executory contracts and unexpired leases with the Debtor, any party in interest in the bankruptcy case, and the heirs, administrators, executors, successors or assigns, if any, or any of them.

10. <u>Liens survive</u>. Except for liens and security interests avoided by separate order, the liens and security interests of creditors whose claims are secured by an interest in property of the will continue, for so long as the Debtors are obligated to the holder of the lien or security interest as a secured claimant.

11. <u>Discharge</u>. Article IX of the Plan is modified to provide instead that, pursuant to 11 U.S.C. Section 1141(d)(5), the Confirmation Order does not discharge the Debtor from any pre-petition liabilities. The Debtor will receive a discharge upon completion of the Plan obligations, consistent with 11 U.S.C. § 1141.

12. <u>Continued compliance with 28 U.S.C. § 1930</u>. Any statutory fees due to the United States Trustee on or before the effective date shall be paid on the effective date. Thereafter, all fees required to be paid by 28 U.S.C. § 1930 shall accrue and be paid timely until the Chapter 11 case is closed, dismissed, or converted.

13. <u>Compensation and expense reimbursement applications</u>. Debtor's counsel and other professionals shall file their final applications for allowance of compensation and costs through the date of confirmation within thirty (30) days from the entry of this order.

14. <u>Retained jurisdiction</u>. Pursuant to the Amended Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out.

15. <u>Repayment of Class 4 Claimants</u>.  The spreadsheet attached hereto as Exhibit "A" and incorporated herein by reference represents the Debtor's payments to the Class 4 claimants. These payments shall become final and binding thirty (30) days after the filing of the Certificate of Substantial Consummation by the Debtors.

16. <u>Status Conference</u>.  A status conference will be held on November 19, 2020 at 1:30p.m., before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge.

Kristina Feher is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.

Exhibit "A"



| Claim # | Creditor | Claim Amt | Pro Rata Share (%) |
|---|---|---|---|
| 8 | Alex D. Bibbey | 318,034.75 | 17.12 |
| 10 | Satish Venkataperumal | 138,561.52 | 7.46 |
| 3 | Aes/mefa | 82,496.88 | 4.44 |
| 2 | American Express | 39,392.65 | 2.12 |
|  | BMW | 3,619.00 | 0.19 |
|  | CBIZ MHM | 27,690.00 | 1.49 |
| 12 | JP Morgan Chase Bank | 1,178,503.09 | 63.44 |
|  | Nuance | 1,500.00 | 0.08 |
|  | Regions Bankcard | 10,622.00 | 0.57 |
| 4 | Wells Fargo Bank | 11,832.43 | 0.64 |
| 5 | Wells Fargo Bank | 12,472.61 | 0.67 |
| 6 | Wells Fargo Bank | 6,915.96 | 0.37 |
| 11 | Wells Fargo Bank | 26,140.00 | 1.41 |
|  | **TOTAL** | **1,857,780.89** | **100** |

**Exhibit B**
**Debtor's Approved Budget - James Okoh**
**8:19-bk-9692**

| Description | Approved Budget Amount |
|---|---|
| Mortgage | $2,912.36 |
| Home maintenance and repair | $1,374.78 |
| Homeowner's association dues | $307.01 |
| Utilities | $1,348.31 |
| Food and housekeeping supplies | $2,000.00 |
| Childcare/education costs | $2,458.36 |
| Clothing, laundry, dry cleaning | $75.89 |
| Medical/dental expenses | $169.15 |
| Transportation | $600.76 |
| Entertinamnet, clubs, recreation | $100.00 |
| Charitable contributions | $176.67 |
| Secured car payment | $1,528.00 |
| Secured car payment | $1,887.00 |
| Pet expenses | $150.00 |
| Storage Unit | $134.28 |
| Son's tennis/lessons/tournaments | $500.00 |
| | |
| TOTAL | $15,722.57 |